**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KENNETH BULLOCK, | : | CIVIL ACTION NO. 10-4911 (MLC) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : | |
| TRENTON BUSINESS ASSISTANCE CORPORATION, t/a REGIONAL BUSINESS ASSISTANCE CORPORATION, | : | |
| Defendant. | : | |

**THE PLAINTIFF PRO SE**, who is a New Jersey citizen, brings this action against the defendant, Trenton Business Assistance Corporation, t/a Regional Business Assistance Corporation ("RBAC"), in connection with his property that was foreclosed upon. The plaintiff alleges four causes of action: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, (2) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, (3) extortion under 18 U.S.C. § 1951 ("Hobbs Act"), and (4) violation of the "Unfair Trade Practices Act" ("UTPA").[1]  (Dkt. entry no. 1, Compl.)

**RBAC** moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Dkt. entry no. 4, Def. Mot.)  RBAC argues that there

---

[1] It is not evident from the Complaint whether the plaintiff alleges a cause of action under federal or New Jersey law. (See Compl. at 4.)  In either case, as discussed below, the claim is barred by the doctrine of res judicata.

is already a judgment on this matter from the Superior Court of New Jersey ("State Foreclosure Action").  (Def. Mot., Ex. A, State Court J.)  Thus, RBAC argues that res judicata bars our consideration of the claimed violations of the FDCPA, the FCRA, and the UTPA.  (Def. Mot. at 3.)  RBAC further argues that the FDCPA claim must be dismissed because RBAC is not a "debt collector" and thus the FDCPA does not apply.  (Id. at 4.)  Finally, RBAC argues that the claim of extortion under the Hobbs Act should be dismissed because there is no private right of action for violation of the Hobbs Act.  (Id. at 5-6.)

**TO THE EXTENT THAT THE PLAINTIFF** is attempting to challenge or avoid the judgment in the State Foreclosure Action, the proper way to do so is to seek review through the state appellate process, and then seek certiorari directly to the United States Supreme Court.  See D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 414-16 (1923).  The Rooker-Feldman doctrine bars adjudication of an action where the relief requested would require a federal court to either determine whether a state court's decision is wrong or void that decision, and thus would prevent a state court from enforcing its orders.  See McAllister v. Allegheny Cnty. Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005).  This Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate the state court judgment.  See Easley v.

2

New Century Mortg. Corp., No. 09-4053, 2010 WL 3622511, at *2 (3d Cir. Sept. 20, 2010) (affirming judgment dismissing claim where plaintiff sought "damages stemming directly from the state court's judgment in the foreclosure action"); Ayres-Fountain v. E. Sav. Bank, 153 Fed.Appx. 91, 92 (3d Cir. 2005) (instructing district court to dismiss complaint concerning state foreclosure action under Rooker-Feldman doctrine); see also El Ali v. Litton Loan Serv'g, 217 Fed.Appx. 115, 116 n.1 (3d Cir. 2007) (dismissing appeal; noting order dismissed claims concerning foreclosure action, inter alia, as barred by Rooker-Feldman doctrine); Shih-Ling Chen v. Rochford, 145 Fed.Appx. 723, 725 (3d Cir. 2005) (same); Laychock v. Wells Fargo Home Mortg., No. 09-2262, 2010 WL 4284525, at *2 (3d Cir. Nov. 1, 2010) ("Any claim relying on allegations of wrongful foreclosure must be rejected under the Rooker-Feldman doctrine.").

**THE ACTION** is also barred by the doctrine of res judicata. Res judicata, or claim preclusion:

> will bar a suit if (1) the judgment in the first action is valid, final and on the merits; (2) the parties in both actions are the same or are in privity with each other; and (3) the claims in the second action . . . arise from the same transaction or occurrence as the claims in the first one.

Sibert v. Phelan, 901 F.Supp. 183, 186 (D.N.J. 1995).  Thus, under res judicata, a judgment is given "preclusive effect" by "foreclosing litigation of matters that should have been raised

in an earlier suit." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984). As a result, a judgment "foreclos[es] litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." Id.

**ALL OF THE COMPONENTS** of res judicata are satisfied here, as (1) the state court has issued an order or a judgment in the State Foreclosure Action, which is valid, see Flood v. Braaten, 727 F.2d 303, 308 (3d Cir. 1984) (stating judgment that is final and thus res judicata in one state's courts will be given full faith and credit by all other United States courts), (2) the plaintiff is a party to the State Foreclosure Action, and the defendant in this action is a party in the State Foreclosure Action, and (3) the claims in this action arise from the same transactions or occurrences as the claims that were raised, or should have been raised, in the State Foreclosure Action. See Moncrief v. Chase Manhattan Mortg. Corp., 275 Fed.Appx. 149, 153-54 (3d Cir. 2008) (affirming judgment dismissing claims concerning state foreclosure action, inter alia, as barred by res judicata); Ezekoye v. Ocwen Fed. Bank FSB, 179 Fed.Appx. 111, 113 (3d Cir. 2006) (dismissing appeal as frivolous — in federal action concerning state foreclosure proceeding — from order dismissing claims that were and could have been raised against bank and its employees, who were not all parties to state

4

proceeding, based on res judicata); Ayres-Fountain, 153 Fed.Appx. at 92 (noting federal claims concerning state foreclosure action would be barred by res judicata); see also El Ali, 217 Fed.Appx. at 116 n.1 (dismissing appeal; noting order dismissed claims concerning state foreclosure action, inter alia, as barred by res judicata).[2]

**THE PLAINTIFF'S** extortion claim pursuant to the Hobbs Act is barred because it is a criminal provision that does not give rise to a private cause of action. Brookhart v. Rohr, 385 Fed.Appx. 67, 70 (3d Cir. 2010) ("The Hobbs Act provides only for criminal sanctions and not civil relief."); Walthour v. Gibson, No. 10-682, 2010 WL 3419675, at *3 (E.D. Pa. Aug. 27, 2010) (same).

**THE COURT** will grant the motion and dismiss the Complaint for the aforementioned reasons. The Court determines the motion without oral argument. See Fed.R.Civ.P. 78(b). The Court will issue an appropriate order and judgment.

                                         s/ Mary L. Cooper
                                         **MARY L. COOPER**
                                         United States District Judge

Dated:    December 22, 2010

---

[2] Because the Court dismisses the Complaint under the doctrine of res judicata, it need not address whether the defendant is a debt collector under the FDCPA. (See Def. Mot. at 4.)